UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DALE M. MCCALL                                              CIVIL ACTION

VERSUS                                                      NO. 2:16-CV-1200

PRUDENTIAL INSURANCE COMPANY OF AMERICA

## COMPLAINT

The Complaint of Dale M. McCall respectfully alleges:

1. This is a claim for long term disability benefits.

2. This Court has jurisdiction and venue under 28 U.S.C. 1332, as the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Plaintiff, **Dale M. McCall** of lawful age and a resident of Westlake, Louisiana is a plan participant and beneficiary of a group disability plan created by his employer, Lake Charles Pilots, Inc., and an insured participant of a group disability policy issued by Prudential Insurance Company of America.

4. Defendant, **Prudential Insurance Company of America** ("Prudential"), is a foreign corporation, residing in New Jersey and authorized and doing business in Louisiana.

5. Prudential's principal place of business is in New Jersey, which is also its state of incorporation. Thus, Prudential is a citizen of New Jersey.

6. Plaintiff is a citizen of Louisiana where he resides and intends to reside.

7. Prudential issued a group disability policy, No. GD-52473-LA, insuring the employees of Lake Charles Pilots, Inc.

8. Plaintiff's disability policy is part of a non-ERISA plan, as Lake Charles Pilots, Inc. Group Long Term Disability Plan is a "a plan established or maintained for its employees by the

1

Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality any of the foregoing" and therefore exempt from ERISA. 29 U.S.C. § 1002(32).

9. Lake Charles Pilots, Inc. was established by legislative acts LSA-R.S. 34:1073 and LSA-R.S. 34:1075.

10. Plaintiff is disabled under the terms of the Prudential insurance policy and has provided Defendant with ample medical documentation and other evidence supporting his claim for disability benefits.

11. Plaintiff worked as Pilot Boat Captain until February 12, 2013 when he was forced to stop working due to a rare tumor on his salivary gland, as well as chronic knee and shoulder pain, associated with a torn rotator cuff and torn meniscus.  He also suffers from lower back pain that radiates into his left buttocks and thigh, which is confirmed by his MRI demonstrating a bulging disk with stenosis and an annular fissure.  He has persistent shoulder pain and limited mobility of left arm despite having three surgeries to correct his rotator cuff tear.  His doctors removed a section of his upper pallet, and removed part of his jaw and 6 front teeth, which has left him with difficulty speaking and substantial hearing loss on his right side.  He also has suffered from intractable headaches since the removal of his cancerous tumor.

12. Plaintiff underwent extensive surgery to remove cancerous tumors from his mouth, resulting in the removal of parts of his jaw and several teeth, which has caused complications with speech, hearing, and numbness.  He has difficulty speaking, difficulty swallowing food, right side numbness, and hearing loss on his right side and a ringing in his right ear.

13. He has undergone three unsuccessful surgeries on the same shoulder.  He re-tore the same shoulder after his last surgery and his doctors have advised against further surgeries considering none have been successful so far.  His shoulder and knee pain prevent him from being able to perform the material and substantial duties of his job.

14. Plaintiff also has a torn meniscus in his left knee and degenerative disk disease and substantial back pain confirmed by his MRI demonstrating a bulging disk with stenosis and an annular fissure. His knee and back pain makes prolonged standing difficult, which was required of his job. Prolonged sitting, also required of his job, also increased his back pain.

15. Plaintiff's medical conditions plainly prevent him from performing his previous job duties.

16. Prudential received satisfactory proof of loss that fully apprised Prudential of Plaintiff's entitlement to disability benefits.

17. Prudential has, without good reason or cause, denied the claims for benefits despite receipt of overwhelming proof of his claim for disability benefits.

18. Prudential refused to promptly and fairly adjust and pay these claims. Plaintiff therefore seeks penalties against Prudential under the Louisiana Insurance Code, including, but not limited to, <u>LA 22:658</u>, <u>LA RS 22:1892</u>, <u>LA RS 22:1821</u>.

19. A reasonable and prudent businessman would have paid Plaintiff's claims after receiving the Proof of Loss Plaintiff provided to Prudential.

20. Prudential's failure to pay these claims was arbitrary and capricious, without good cause, and made in bad faith.

21. Despite receiving proof of loss, Defendant did not pay the claims within 30 days. It failed to formally deny the claims until well after the 30-day period prescribed in the Louisiana Insurance Code.

22. Prudential's denial of these claims has caused Plaintiff financial damage, emotional distress, embarrassment, and anxiety, as without his disability income from Prudential he has been unable to pay for his continuing medical expenses and living expenses.

23. Prudential breached its obligations under the Policy to Plaintiff by failing and refusing to pay benefits to him after receiving proof of loss.  Further, Prudential's denial letters constitute an express repudiation and anticipatory breach of Prudential's future obligations to pay benefits to Plaintiff under the Policy, thus making all such obligations now due and owing.

24. Prudential failed to provide requested information to Plaintiff and to his attorney, such as a complete copy of Prudential's claims files.

25. Prudential's denial of these claims has caused Plaintiff untold financial and emotional hardship. He has been deprived of substantial disability income that he needs to pay his ongoing medical and living expenses.

26. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job on a fulltime basis.

27. Prudential unlawfully denied Plaintiff benefits he is entitled to under terms of the Prudential disability policy.

28. Plaintiff appealed the denials, providing additional, overwhelming evidence supporting his entitlement to continuing disability benefits.  Prudential has failed to reverse its decision.

29. Prudential has abused its discretion by failing to consider Plaintiff's medical condition in relation to the actual duties of his occupation.

30. Prudential administered Plaintiff's claim with an inherent and structural conflict of interest as Prudential is liable to pay benefits from its own assets to Plaintiff, and each payment depletes Prudential's assets.

31. Prudential chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

32. As a routine business practice, Prudential uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

33. Plaintiff has been denied the benefits due Plaintiff under the Plan, has suffered, and is continuing to suffer economic loss as a result.

34. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

35. Defendants' denials have required Plaintiff to hire attorneys to represent him in this matter to recover benefits due Plaintiff under the Plan.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

**1.** For damages, including past and future disability benefits under policy terms, plus interest;

**2.** For penalties under the Louisiana Insurance Code, including, but not limited to LA RS <u>LA 22:658</u>, <u>LA RS 22:1892</u>, <u>LA RS 22:1821</u>;

**3.** For damages for the physical and emotional distress Prudential caused to Plaintiff;

**4.** For all reasonable attorney fees and court costs;

**5.** For trial by jury; and

**6.**     For all other relief as the facts and law may provide.

                                                        Respectfully submitted,


                                                        /s/ Reagan L. Toledano
                                                        James F. Willeford (LA. 13485)
                                                        Reagan L. Toledano (LA. 29687)
                                                        Willeford & Toledano
                                                        201 St. Charles Avenue, Suite 4208
                                                        New Orleans, Louisiana 70170
                                                        (504) 582-1286; (f) (313)692-5927
                                                        rtoledano@willlefordlaw.com