## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DALE M. MCCALL**                                                    **CIVIL ACTION**

**VERSUS**                                                             **NO. 16-1200**

**PRUDENTIAL LIFE INSURANCE**                          **SECTION: G (4)**
**COMPANY OF AMERICA**

### ORDER

Pending before the Court is Defendant Prudential Insurance Company of America's ("Defendant") "Motion to Dismiss or to Transfer Venue."[1] Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court will grant the motion in part and transfer the case to the United States District Court for the Western District of Louisiana.

### I. Background

*A.    Factual Background*

In his complaint, Plaintiff Dale M. McCall ("Plaintiff") seeks to obtain long-term disability benefits under a group disability policy created by his employer, Lake Charles Pilots, Inc. ("LCP"), that Plaintiff alleges was issued by Defendant.[2] Plaintiff claims that the disability policy is part of a plan that is exempt from the Employee Retirement Income Security Act of 1974 ("ERISA"), because he alleges it was established by "the government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing."[3] Plaintiff seeks compensatory damages for several medical conditions, including a rare

---

[1] Rec. Doc. 10.

[2] Rec. Doc. 1 at 1.

[3] *Id.* at 1–2 (citing 29 U.S.C. § 1002(32)).

tumor, chronic knee and shoulder pain associated with a torn rotator cuff and torn meniscus, and lower back pain.[4] Plaintiff also seeks penalties under the Louisiana Insurance Code for the alleged failure of Defendant to pay Plaintiff's claims after satisfactory proof of loss.[5]

**B.    Procedural Background**

On February 10, 2016, Plaintiff filed a complaint in this matter,[6] and on February 11, 2016, Plaintiff amended his complaint to allege the citizenship of the parties.[7] On March 30, 2016, Defendant filed the instant motion to dismiss or, in the alternative, to transfer venue.[8] On May 3, 2016, Plaintiff filed an opposition to the motion.[9] With leave of Court, Defendant filed a reply on May 13, 2016.[10]

## II. Parties' Arguments

**A.    Defendant's Arguments in Support of the Motion to Dismiss or to Transfer Venue**

In its motion, Defendant requests that this Court dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6) or 12(b)(3), or, in the alternative, transfer the case to an appropriate venue pursuant to 28 U.S.C. § 1404(a).[11] Defendant first argues that the case should be dismissed pursuant to Rule 12(b)(6), because Plaintiff's claims are preempted by ERISA.[12]

---

[4] *Id.* at 2.

[5] *Id.* at 5 (citing La. R.S. §§ 22:658, 22:1892, 22:1821).

[6] Rec. Doc. 1.

[7] Rec. Doc. 5.

[8] Rec. Doc. 10.

[9] Rec. Doc. 12.

[10] Rec. Doc. 17.

[11] Rec. Doc. 10-1 at 1–2.

[12] *Id.* at 4.

## 1.    Defendant's Arguments Regarding Preemption

According to Defendant, ERISA exempts "governmental plans" from coverage, and a governmental plan is defined as one that is "established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing."[13] Defendant asserts that in order to show that a plan is a "governmental plan," a party must prove that the plan was either: (1) established by a governmental entity within the statute's definition; or (2) that it is currently maintained by such an entity.[14]

Defendant argues that Plaintiff's employer, LCP, has employees that perform duties sanctioned by legislative acts but that LCP is a private business corporation, not a governmental entity, political subdivision thereof, or an agency or instrumentality of a political subdivision.[15] Although the legislature sanctioned formation of an organization of pilots and allowed the pilots to associate, Defendants argue, the legislature did not create LCP.[16] Thus, Defendant avers that Plaintiff's plan is subject to ERISA.[17]

Defendant further asserts that Plaintiff's plan is not sponsored or maintained by a political subdivision of the State of Louisiana.[18] According to Defendant, the term "political subdivision" is not defined by ERISA, but courts utilize the standard established by the Supreme Court in the

---

[13] *Id.* at 5 (citing 29 U.S.C. § 1002(32)).

[14] *Id.* (citing *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 450 (5th Cir. 1995)).

[15] *Id.*

[16] *Id.* at 6.

[17] *Id.*

[18] *Id.*

NLRB context.[19] According to this standard, Defendant represents that an entity is a political subdivision if it is either: (1) created by the state so as to constitute a department or administrative arm of the government; or (2) administered by individuals who are responsible to public officials or the general electorate.[20] According to Defendant, LCP does not fall into either of these categories.[21] Moreover, Defendant argues, the Fifth Circuit has specifically stated that LCP is a "corporation owned by river pilots."[22] Defendant notes that Louisiana state law establishes a Board of River Port Pilot Commissioners and Examiners, but according to Defendant, LCP is not administered by the appointed Board and does not receive state funding.[23] Because LCP does not meet either prong of the established test, Defendant argues, it cannot be considered a political subdivision pursuant to 29 U.S.C. § 1002(32).[24]

Defendant next argues that Plaintiff's insurance plan is not sponsored or maintained by an agency or instrumentality of the State of Louisiana.[25] Defendant asserts that in evaluating this prong, courts have used the same test established by the Supreme Court to evaluate whether a plan is sponsored or maintained by a political subdivision.[26] Under that approach, Defendant argues, LCP does not meet this standard.[27] Defendant also asserts that the Second Circuit utilized a six

---

[19] *Id.* (citing *NLRB v. Natural Gas Utility Dist. of Hawkins Cty., Tenn.*, 402 U.S. 600 (1971)).

[20] *Id.* (citing *Hawkins*, 402 U.S. at 604).

[21] *Id.*

[22] *Id.* at 7 (citing *Gillis v. Louisiana*, 294 F.3d 755 (5th Cir. 2002)).

[23] *Id.* at 8 (citing La. R.S. § 34:1072).

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

factor test to interpret "agency or instrumentality"[28] and that this approach was utilized in a recent case that is currently on appeal before the Fifth Circuit.[29] According to Defendant, LCP does not meet the six factor test for being an "agency or instrumentality" of the government, because each of the six factors weighs against LCP being considered an "agency or instrumentality."[30] Critically, Defendant argues, the state government has no control over the day-to-day operations of LCP.[31] Because, Defendant avers, LCP is not a "political subdivision" of the state or an "agency or instrumentality" of a political subdivision of the state pursuant to 29 U.S.C. § 1002(32), Plaintiff's long term disability plan is not a "governmental plan" pursuant to 29 U.S.C. § 1103(b)(1) so as to be exempt from ERISA.[32]

Defendant argues that Plaintiff's claims are preempted by ERISA.[33] According to Defendant, ERISA completely preempts any state law claim or remedy based on wrongful withholding of benefits promised under an employee benefit plan.[34] Because Plaintiff only seeks benefits pursuant to LCP's ERISA-governed plan, Defendant avers, Plaintiff's claims are completely preempted by ERISA, and the Court should dismiss his complaint in its entirety with prejudice.[35]

---

[28] *Id.* (citing *Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910, 915 (2d Cir. 1987)).

[29] *Id.* (citing *Smith v. Reg'l Transit Auth.*, No. 12-3059, 2015 WL 6442337 (E.D. La. Oct. 23, 2015)).

[30] *Id.* at 10–12.

[31] *Id.* at 12.

[32] *Id.* at 12–13.

[33] *Id.* at 13.

[34] *Id.* (citing *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004)).

[35] *Id.* at 14.

2.      **Defendant's Arguments Regarding Improper Venue**

Next, Defendant argues that the Court should dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) or transfer the case, because the chosen venue is improper.[36] Defendant argues that the general venue statute allows an action to be brought in a judicial district where any defendant resides if all defendants are residents of the state where the district is located or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.[37] Defendant asserts that it does not reside in the Eastern District of Louisiana and that Plaintiff does not allege that it has any contacts with the Eastern District of Louisiana.[38] Defendant asserts that its principal place of business is New Jersey and that it conducts business in the Western District of Louisiana.[39] Moreover, according to Defendant, the records reviewed in assessing Plaintiff's claim are housed in New Jersey, and the relevant decision makers were affiliated with Prudential offices in Arizona and Maine.[40]

Defendant also argues that Plaintiff cannot show that a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana, because: (1) review of Plaintiff's claim took place outside of the district; (2) Plaintiff resides in the Western District of Louisiana; (3) Plaintiff's employer is located in the Western District of Louisiana; and (4) Plaintiff's treating physicians are located in the Western District of Louisiana or the Southern

---

[36] *Id.*

[37] *Id.* (citing 29 U.S.C. § 1391(b)).

[38] *Id.*

[39] *Id.*

[40] *Id.* (citing Rec. Doc. 10-4 at 2).

District of Texas.[41] Because, Defendant argues, Plaintiff cannot demonstrate that Defendant resides in the Eastern District of Louisiana or that a substantial part of the events giving rise to the claim occurred here, venue is improper under 28 U.S.C. § 1391(b).[42]

### 3.    Defendant's Arguments Regarding Transfer of the Case

If the Court decides not to dismiss the case pursuant to Rules 12(b)(3) or 12(b)(6), Defendant argues that the Court should exercise its discretion and transfer the case for the convenience of the parties.[43] Notions of fairness and convenience, Defendant argues, dictate that this case should be transferred to either the Western District of Louisiana or the District of New Jersey.[44] Under the Fifth Circuit's eight factor test for determining whether the transferee venue is "clearly more convenient," Defendant argues, all of the factors weigh in favor of a transfer of venue in this case.[45]

In support of its request that the Court exercise its discretion to transfer the case, Defendant argues: (1) ease of access to information favors transfer because none of the information relevant to the case is in this district and Plaintiff chose this district solely because his counsel is located here;[46] (2) if the case requires witnesses, the Western District of Louisiana or the District of New Jersey would be the most convenient for the parties' witnesses;[47] (3) location of records favors the

---

[41] *Id.* at 16.

[42] *Id.*

[43] *Id.*

[44] *Id.* at 17.

[45] *Id.* at 18 (citing *Magri v. Unum Life Ins. Co. of Am.*, No. 13-5700, 2013 WL 6174495, at *1 (E.D. La. Nov. 21, 2013) (citing *In re Radmax, Ltd.,* 720 F.3d 285, 288 (5th Cir. 2013)).

[46] *Id.*

[47] *Id.* at 19.

Western District of Louisiana or District of New Jersey;[48] (4) neither party will be prejudiced by transfer because the litigation is at an early stage;[49] (5) there is no demonstrated local interest in deciding the case in this district;[50] (6) because there is no connection between Plaintiff's forum choice and his claims, his choice is entitled to little deference;[51] and (7) allowing the case to proceed in this district would be contrary to the interests of justice as it would encourage forum shopping.[52]

**B.    *Plaintiff's Arguments in Opposition to the Motion***

**1.    Plaintiff's Arguments Regarding Preemption**

In opposition, Plaintiff argues that LCP was established by legislative act and is therefore exempt from ERISA.[53] Plaintiff asserts that Louisiana Revised Statute § 34:1073 establishes a body of pilots called the Associated Branch Pilots for the Port of Lake Charles ("Associated Branch") and that LCP is a subdivision of the Associated Branch and was therefore established by the legislature.[54] Plaintiff also asserts that LCP meets the requirements of the test formulated by the Supreme Court to determine whether an entity constitutes a "political subdivision,"[55] because the company is administered by individuals who are responsible to public officials or to the general electorate.[56]

---

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.* at 20.

[52] *Id.* at 21.

[53] Rec. Doc. 12 at 2.

[54] *Id.* at 3.

[55] *Id.* (citing *NLRB v. Natural Gas Utility Dist. of Hawkins Cty., Tenn.*, 402 U.S. 600 (1971)).

[56] *Id.* at 4.

Alternatively, Plaintiff argues that the LCP insurance plan is sponsored or maintained by an agency or instrumentality of the State of Louisiana under the six factor test considered by courts within the Fifth Circuit,[57] because: (1) LCP is used for a governmental purpose and performs a governmental function; (2) LCP performs its function on behalf of a political subdivision of the state, *i.e.* the Associated Branch; (3) the private interests involved are limited compared to LCP's public function; (4) control and supervision of the organization is vested in a public authority, *i.e.* the Board of River Port Pilot Commissioners and Examiners; (5) LCP was brought into existence by statute; and (6) LCP is not financially autonomous.[58]

### 2.    Plaintiff's Arguments Regarding Transfer of the Case

Next, Plaintiff concedes that if the Court finds that ERISA does not preempt his claims, then this matter should be transferred to the Western District of Louisiana, which Plaintiff asserts is an appropriate venue under 28 U.S.C. § 1391.[59] It appears to the Court, however, that Plaintiff argues that if ERISA does "apply," Plaintiff's state law claims should not be dismissed under preemption doctrine but should simply be replaced by claims brought pursuant to ERISA.[60] Plaintiff asserts that if the Court finds that ERISA "applies" and the suit "turn[s] into solely an ERISA suit for long term disability benefits," the Court should not transfer the case, because the Eastern District of Louisiana is an appropriate venue and Defendant's alternative venues are no more convenient due to ERISA procedural rules.[61]

---

[57] *Id.* (citing *Scott v. Unum Life Ins. Co. of Am.*, No. 09-0922, 2010 WL 114404, at *5 (W.D. La. Jan. 11, 2010)).

[58] *Id.* at 5–9.

[59] *Id.* at 10.

[60] *Id.* at 11.

[61] *Id.*

According to Plaintiff, ERISA suits may be filed in a district: (1) where the plan is administered; (2) where the alleged breach occurred; or (3) where the defendant resides or may be found.[62] Plaintiff asserts that contrary to Defendant's representation, Defendant may be found in the Eastern District of Louisiana for purposes of ERISA's venue provisions.[63] Plaintiff contends that because Defendant is a U.S. corporation operating throughout the United States and specifically insuring plans in the Eastern District of Louisiana, venue is proper under ERISA's venue provisions.[64] Plaintiff argues that because the Court has personal jurisdiction over Defendant if ERISA applies, the only issue is whether this matter should be transferred to one of the other appropriate venues suggested by Defendant.[65]

According to Plaintiff, the four private interest factors considered in the Fifth Circuit when determining whether a transfer of venue would be more convenient are all neutral in this case.[66] Plaintiff asserts that the Court's review of a plan administrator's benefits determination under ERISA is limited to the administrative record, and any records located in New Jersey or in the Western District of Louisiana can be communicated via electronic means or mail.[67] Plaintiff asserts that ERISA prohibits witness testimony, a trial, and discovery into the merits, so the convenience of witnesses should not be considered.[68] Plaintiff further asserts that the fact that witness testimony

---

[62] *Id.* (citing 29 U.S.C. § 1132(e)(2)).

[63] *Id.*

[64] *Id.* (citing Rec. Doc. 12-5).

[65] *Id.*

[66] *Id.* at 12–13.

[67] *Id.* at 13.

[68] *Id.*

will not come from the Eastern District of Louisiana "is not an issue since ERISA governs this matter."[69]

Plaintiff argues that the Eastern District of Louisiana appears to be the least congested of the proposed venues and there is no local interest in deciding this private dispute, so these public interest factors weigh against transfer.[70] Finally, Plaintiff asserts that he is not forum shopping and that the forum decision was driven by the location of his attorney and the desire to avoid delay and lower costs.[71] Plaintiff argues that his chosen forum is favored in ERISA cases.[72] According to Plaintiff, all of the public and private interest factors considered in determining whether a different venue would be more convenient are either neutral or weigh against transfer.[73]

## C.    *Defendant's Reply in Further Support of the Motion*

In its reply, Defendant argues that Plaintiff's claims are preempted by ERISA.[74] Defendant contends that Plaintiff improperly conflates LCP and the Associated Branch and that LCP was not established by legislative act.[75] Defendant further argues that all of the factors of the test to determine whether an entity is sponsored or maintained by an agency or instrumentality of the state weigh against such a finding in the case of LCP.[76] Therefore, Defendant contends that the Court should dismiss Plaintiff's complaint with prejudice because it is entirely preempted by

---

[69] *Id.* at 14 (citing *Kelling v. Hartford Life & Acc. Ins. Co.*, 2013 WL 4014062 (M.D. Fla. 2013)).

[70] *Id.* at 15.

[71] *Id.* at 15–16.

[72] *Id.* at 16 (citing *French v. Dale Behring Life Ins. Plan*, 2010 WL 2360444 (M.D. La. June 8, 2010)).

[73] *Id.*

[74] Rec. Doc. 17 at 2.

[75] *Id.* at 2–4.

[76] *Id.* at 6–12.

ERISA or in the alternative, should dismiss the case based on improper venue or transfer the case to the Western District of Louisiana or the District of New Jersey.[77]

### III. Law and Analysis

**A.    *Legal Standard for Motion to Dismiss for Improper Venue***

A motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) requires a district court to determine whether venue is supported by 28 U.S.C. § 1391.[78] Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[79] Once a defendant has raised the improper venue issue by motion, the plaintiff bears the burden to establish that the district he chose is the proper venue.[80] When ruling on a Rule 12(b)(3) motion, "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff."[81] Rule 12(b)(3) permits the Court to look at all evidence in the record beyond simply those facts alleged in the complaint and its proper attachments.[82] A district court's dismissal for improper venue is reviewed for abuse of discretion.[83]

---

[77] *Id.* at 12.

[78] *Republic Business Credit, LLC v. Greystone & Co., Inc.*, No. 13-5535, 2014 WL 122102, at (Jan. 10, 2014) (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S.Ct. 568, 577 (2013)).

[79] *Summers v. Kenton, OH Policea*, No. 11-3162, 2012 WL 1565363, at *4 (E.D. La. May 2, 2012) (Africk, J.) (citing 28 U.S.C. § 1406(a)).

[80] *Id.* (citing *Perez v. Pan American Life Ins. Co.*, 70 F.3d 1268 (5th Cir. 1995)). *See also Vaugn Med. Equip. Repair Serv., LLC v. Jordan Reses Supply Co.*, No. 10-00124, 2010 WL 3488244, at *4 (E.D. La. Aug. 26, 2010) (Berrigan, J.).

[81] *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448–49 (5th Cir. 2008).

[82] *Motion Indust., Inc. v. Superior Derrick Servs., LLC*, No. 15-1958, 2016 WL 5869788, at *2 (E.D. La. Oct. 6, 2016) (Milazzo, J.) (citing *Lighthouse MGA, LLC v. First Premium Ins. Grp., Inc.*, 448 Fed. App'x 512, 514 (5th Cit. 2011)).

[83] *See McClintock v. School Bd. of East Feliciana Parish*, 299 Fed. App'x 363, 365 (5th Cir. 2008).

Where, as here, federal jurisdiction is founded solely on diversity of citizenship, a civil action may, except as otherwise provided by law, be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided by 28 U.S.C. § 1391, a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced.[84]

For purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time an action is commenced."[85] Where a state has more than one judicial district, a defendant corporation "shall be deemed to reside in any district in that state within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts."[86]

A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant if: (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution.[87] A court may exercise jurisdiction over a foreign defendant on the basis of specific or general jurisdiction.[88] Specific jurisdiction requires a plaintiff to demonstrate that: "(1) there are sufficient (*i.e.*, not random, fortuitous, or attenuated) pre-

---

[84] 28 U.S.C. §1391(b).

[85] 28 U.S.C. §1391(c).

[86] *Id.*

[87] *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citation omitted).

[88] *Pervasive Software, Inc. v. Lexware GmbH & Co. Kg.*, 688 F.3d 214, 220 (5th Cir. 2012).

litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts."[89] If a plaintiff makes such a showing, the defendant can then defeat the exercise of specific jurisdiction by showing that it would nevertheless fail the basic fairness test.[90] General jurisdiction requires a showing of substantial, continuous, and systematic contacts between a non-resident defendant and a forum.[91] "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."[92]

## C.    *Analysis*

In its motion, Defendant argues: (1) Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) because his claims are preempted by ERISA; (2) Plaintiff's claims should be dismissed for improper venue pursuant to Rule 12(b)(3); or (3) Plaintiff's complaint should be transferred to a more convenient forum.[93] The Court will first address Defendant's argument regarding improper venue to determine whether Plaintiff's cause of action should be dismissed or transferred on that basis.[94]

Here, it is undisputed that Plaintiff has only alleged state law claims and does not bring a cause of action under ERISA.[95] Therefore, federal jurisdiction is asserted on the basis of

---

[89] *Id.* at 222.

[90] *Id.*

[91] *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Helicopteros Nacionales de Colombia*, 466 U.S. at 414-419).

[92] *Id.* (citing *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)).

[93] Rec. Doc. 10-1 at 4, 14, 21.

[94] *See Busch v. Robertson*, No. 05-2043, 2006 WL 1222031, at *1 (N.D. Tex. May 5, 2006).

[95] *See generally* Rec. Docs. 1, 5.

diversity.[96] Neither Defendant nor Plaintiff is a citizen of the Eastern District of Louisiana. Defendant is a citizen of New Jersey,[97] and Plaintiff is a citizen of the Western District of Louisiana.[98] Moreover, the parties appear to agree that the Western District of Louisiana is an appropriate venue for Plaintiff's claims.[99] It is also undisputed that the events giving rise to Plaintiff's claim did not occur in the Eastern District of Louisiana.[100] Plaintiff has stated that his decision to file this cause of action in the Eastern District of Louisiana "was driven by his undersigned attorney's familiarity with the chosen forum, as well as an effort to file his complaint quickly in order to avoid any further delay in receiving his long term disability benefits."[101]

According to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided by the venue statute, in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action.[102]

---

[96] *See* Rec. Doc. 1 at 1.

[97] *See* Rec. Doc. 1 at 1 ("Prudential is a citizen of New Jersey.").

[98] *Id.*

[99] *See* Rec. Doc. 12 at 10 (arguing that Plaintiff's state-law claims are not preempted by ERISA and that as a result, "this Court should exercise its discretion by transferring this matter to the Western District of Louisiana, which is an appropriate venue under 28 U.S.C. 1391."); Rec. Doc. 10-1 at 17 (arguing that this case could have been filed in the Western District of Louisiana or the District of New Jersey). Plaintiff concedes that if ERISA does not preempt his claims, then transfer to the Western District of Louisiana is appropriate. The Court notes that Plaintiff erroneously argues that if ERISA does preempt his claims, then his claims under state law could simply be converted to ERISA claims and that venue would then be proper in the Eastern District of Louisiana under ERISA. However, Plaintiff only brings state law claims and does not bring claims under ERISA. Thus, ERISA's venue provisions do not apply.

[100] *See generally* Rec. Docs. 1, 5.

[101] *See also* Rec. Doc. 12 at 15.

[102] 28 U.S.C. § 1391(b).

Because Plaintiff does not allege a connection between the events giving rise to his claim and the Eastern District of Louisiana, the Court must determine whether venue is proper under option one or option three of 28 U.S.C. § 1391(b).[103] For purposes of venue, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time an action is commenced."[104] In assessing whether Defendant "resides" in the Eastern District of Louisiana, the Court must therefore determine whether Defendant was subject to personal jurisdiction in this district at the time that Plaintiff commenced his action. Because Plaintiff does not allege that his "cause of action arises out of or is related to" Defendant's contacts with the Eastern District of Louisiana,[105] the Court does not have specific personal jurisdiction over Defendant and must therefore determine whether Defendant is subject to general personal jurisdiction in the Eastern District of Louisiana.

General jurisdiction requires a showing of substantial, continuous, and systematic contacts between a foreign defendant and a forum.[106] Here, Plaintiff's complaint does not allege that Defendant had any contacts with the Eastern District of Louisiana.[107] However, in his opposition, Plaintiff asserts that Defendant insures "ERISA plans in the Eastern District of Louisiana and throughout Louisiana."[108] Plaintiff further alleges that Defendant also provides individual disability insurance to clients located in the Eastern District of Louisiana.[109]

---

[103] *Id.*

[104] 28 U.S.C. §1391(c).

[105] *Id.* at 222.

[106] *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Helicopteros Nacionales de Colombia*, 466 U.S. at 414–419).

[107] Rec. Docs. 1, 5.

[108] Rec. Doc. 12 at 11 (citing Rec. Doc. 12-5).

[109] Rec. Doc. 12-5 at 1.

The Fifth Circuit has instructed that the "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."[110] Even accepting as true Plaintiff's general assertion that Defendant insures plans located in the Eastern District of Louisiana,[111] Plaintiff has not met the difficult requirements of the continuous and systematic contacts test.[112] Accordingly, the Court finds that it does not have general jurisdiction over Defendant. Venue is therefore improper under 28 U.S.C. § 1391(b)(1), because Defendant does not "reside" in the Eastern District of Louisiana.[113] Venue is also improper under 28 U.S.C. § 1391(b)(3), because there is another district "in which an action may otherwise be brought as provided" by the venue statute, *i.e.* the Western District of Louisiana or the District of New Jersey.[114] Accordingly, the Court finds that venue here is improper.

When a plaintiff selects an improper venue, courts may either dismiss the action or "if it be in the interest of justice," a court may "transfer such a case to any district or division in which it could have been brought."[115] The Court finds, and the parties appear to agree,[116] that venue is

---

[110] *Johnson*, 523 F.3d at 609 (citing *Submersible Sys., Inc. v. Perforadora Cent., SA*, 249 F.3d 413, 419 (5th Cir. 2001)).

[111] *See Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 448–49 (5th Cir. 2008).

[112] *See Johnson*, 523 F.3d at 610 ("[V]ague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction.") (citing *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 596 (5th Cir. 1999)). *See also Helicopteros*, 466 U.S. at 418–419 (finding defendant's contacts with forum insufficient to support general jurisdiction even where defendant purchased 80% of helicopter fleet in forum, sent its employees to forum for training, sent management to forum for consultations and received a check for over $5 million drawn upon bank in forum).

[113] *See* 28 U.S.C. § 1391(d) (residency of corporations of states with multiple districts). The Court notes Plaintiff's argument that venue would have been proper if Plaintiff had brought claims pursuant to ERISA. However, Plaintiff did not bring claims pursuant to ERISA and only brought claims under state law. *See* Rec. Docs. 1, 5. This argument is therefore without merit.

[114] 28 U.S.C. § 1391(b)(3).

[115] 28 U.S.C. §1406(a). *See Murray v. Plantation Mgmt. Co.*, No. 09-2181, 2002 WL 31553990, at *2 (E.D. La. Nov. 18, 2002) (Vance, J.); *Begg v. Roshan*, No. 00-1235, 2000 WL 1036212, at *1 (E.D. La. July 26, 2000); *Jackson v. West Telemarketing Corp. Outbound*, 245 F.3d 518, 523 (5th Cir. 2001).

[116] *See* Rec. Doc. 10-1 at 15, Rec. Doc. 12 at 10. As stated *supra*, Plaintiff concedes that transfer to the Western District of Louisiana is appropriate if his claims are not preempted.

proper in the Western District of Louisiana, because the events giving rise to the claims occurred there and Defendant resides there.[117] In the interest of justice, [118] the Court will therefore transfer Plaintiff's cause of action to the Western District of Louisiana.[119]

## IV. Conclusion

The Court finds that venue is improper in the Eastern District of Louisiana, because: (1) the record indicates that Defendant does reside in the Eastern District of Louisiana for venue purposes;[120] (2) the events giving rise to Plaintiff's claims did not occur in the Eastern District of Louisiana;[121] and (3) there is another district in which an action may otherwise be brought pursuant to the venue statute.[122] The Court finds that transfer to the Western District of Louisiana is in the interest of justice, because Defendant resides there for venue purposes; Plaintiff is a citizen of the Western District of Louisiana; and substantial portions of the events or omissions giving rise to Plaintiff's claims arose there.[123]  Accordingly,

---

[117] *See* Rec. Doc. 10-1 at 15. *See also* 28 U.S.C. 1391(b).

[118] 28 U.S.C. § 1406(a) (in the interest of justice, a district court may transfer a case filed in an improper venue to any district or division in which it could have been brought). *See Begg v. Roshan, Inc.*, No. 00-1235, 2000 WL 1036212, at *1 (E.D. La. 2000) (Clement, J.) (finding improper venue and transferring case to the Western District of Louisiana where the defendant did business in that district and the plaintiff's injury occurred in that district); *Murray v. Plantation Mgmt. Co.*, No. 09-2181, 2002 WL 31553990, at *2 (E.D. La. Nov. 18, 2002) (Vance, J.) (finding improper venue and transferring case to the Middle District of Louisiana, "where the alleged wrong took place").

[119] Because the Court finds that venue is improper in the Eastern District of Louisiana, it does not address Defendant's arguments as to why Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Busch v. Robertson*, No. 05-2043, 2006 WL 1222031, at *1 (N.D. Tex. May 5, 2006) (declining to rule on defendant's motion to dismiss after finding that transfer was appropriate); *Haley v. Astrue*, 667 F.Supp.2d 138, 142 n.6 (D.D.C. 2009) (declining to reach merits of motion to dismiss under Rule 12(b)(6) after finding that venue improper).

[120] *See* 28 U.S.C. §§ 1391(b)(1), (d).

[121]  *See* 28 U.S.C. § 1391(b)(2).

[122] *See* 28 U.S.C. § 1391(b)(3).

[123] *See* 28 U.S.C. § 1406(a).

**IT IS HEREBY ORDERED** that Defendant's "Motion to Dismiss or to Transfer Venue"[124] is **GRANTED** to the extent that the motion requests the transfer of Plaintiff's action. Because the Court finds that venue in the Eastern District of Louisiana is improper, it does not address the merits of Defendant's arguments for the dismissal of Plaintiff's action pursuant to Rule 12(b)(6).

**IT IS FURTHER ORDERED** that the case is transferred to the United States District Court for the Western District of Louisiana.

**NEW ORLEANS, LOUISIANA**, this <u>24th</u> day of January, 2017.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[124] Rec. Doc. 10.